PEOPLE, PLAINTIFF AND APPELLEE, *v.* SALGADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Automobiles Act.

No. 1424.—Decided November 21, 1919.

AUTOMOBILES—COMPLAINT.—In a complaint made under section 12 of the Automobiles Act it is not sufficient to allege generally that the chauffeur failed to take reasonable precautions to guarantee the personal safety of the victim, but it is necessary to specify besides that he committed an act in violation of one or more of the several special provisions of the said section.

The facts are stated in the opinion.

*Messrs. H. Torres Solá* and *F. Marchand Sicardó* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with a violation of section 12(*a*) of Act No. 75 of April 13, 1916 (p. 140), regulating the operation of motor vehicles, in that between 5:00 and 5:30 P. M. of July 31, 1918, in the ward of Sabana Llana of Río Piedras "he was driving automobile No. P. 406 along the public road between Río Piedras and Carolina and at Kilometer No. 4, on the said public road of Porto Rico, he unlawfully, wilfully and maliciously, while driving at a great rate of speed and without taking reasonable precautions to insure the personal safety of Damiana Hernaiz, swerved the said automobile No. P. 406 and struck her, the impact causing the fracture of the tibia and fibula of her right leg.   *   *   *"

The appellant alleges as a ground for the reversal of the judgment of conviction under the said complaint that it does not charge him with a crime because it fails to set up the material facts to inform him clearly what crime is imputed to him so as to enable him to prepare his defense without doubt or perplexity.

The *fiscal* of this court agreed with that plea and moved that the judgment be reversed for that reason.

The question raised by the appellant has already been decided by this court in the cases of People v. Borque, 25 P. R. R. 553, and People v. Rivera, 26 P. R. R. 393, wherein we disposed of cases similar to the one that originated this appeal; therefore, for the reasons stated in those decisions, this judgment must be reversed and the defendant acquitted.

*Reversed.*

Chief Justice Hernández and Justice del Toro concurred. Justices Wolf and Hutchison took no part in the decision of this case.